UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KIM NOTARIANO** | **CIVIL ACTION** |
| **VERSUS** | **NO: 16-17832** |
| **TANGIPAHOA PARISH SCHOOL BOARD, ET AL** | **SECTION: "H"(2)** |

ORDER AND REASONS

Before the Court is Defendants' Motion to Dismiss or, Alternatively, Motion for Summary Judgment (Doc. 8). For the following reasons, this Motion is **GRANTED IN PART**.

BACKGROUND

In this action, Plaintiff Kim Notariano, a white female over the age of 40, seeks vindication for alleged systemic violations of her civil rights stemming from the employment practices of the Tangipahoa Parish School Board ("TPSB") and its agents, Defendants Ossie Mark Kolwe, Tomas Bellavia, and Walter Daniels (the "Individual Defendants"). Plaintiff alleges that she has been unlawfully denied promotions in 2004, 2010, 2014, and 2016 based in whole or in part upon her sex, age, and race, and also as retaliation for complaining of the same. She also alleges that she has been the victim of a conspiracy to circumvent this Court's orders in *Joyce Marie Moore, et al. v.*

1

*Tangipahoa Parish School Board,*¹ the still-active desegregation case regarding TPSB. She brings claims of sex discrimination, retaliation, age discrimination, and race discrimination under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §§ 1981, 1981a, 1983, and 1988. She also alleges that the actions of Defendants violated the due process protections of the 14th Amendment. Finally, she brings state law causes of action for intentional infliction of emotional distress and under the Louisiana Employment Discrimination Law. Defendants respond with the instant Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. Plaintiff opposes.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."² A claim is "plausible on its face" when the pleaded facts allow the court to "[d]raw the reasonable inference that the defendant is liable for the misconduct alleged."³ A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."⁴ The Court need not, however, accept as true legal conclusions couched as factual allegations.⁵

To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.⁶ "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice.⁷ Rather, the complaint must contain enough factual

---

¹ This action bears case no. 65-15556.
² *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).
³ *Id.*
⁴ *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).
⁵ *Iqbal*, 556 U.S. at 667.
⁶ *Id.*
⁷ *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).

2

allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim.[8]

## LAW AND ANALYSIS

At the outset, the Court notes that Defendants ask the Court to alternatively consider this Motion under the Rule 56 Summary Judgment standard. The Court finds that a motion for summary judgment is premature. Discovery has not yet begun, and Plaintiff has submitted evidence indicating that genuine issues of material fact abound as to the parties' actions and motivations. Accordingly, the Court will consider this Motion under the Rule 12(b)(6) standard. Defendants may re-urge a motion for summary judgment at a more appropriate time.

In the instant Motion, Defendants aver (1) that many of Plaintiff's claims are prescribed, (2) that Plaintiff has failed to state a claim for discrimination under federal or state law, (3) that Plaintiff has failed to state a claim for violations of due process, and (4) that all claims against Defendants Mark Kolwe, Tomas Bellavia, and Walter Daniels (the "Individual Defendants") in their individual capacities should be dismissed on the basis of qualified immunity. The Court will address these arguments in turn.

### I. Prescription

Defendants first aver that Plaintiff's claims arising out of her denied promotions in 2004, 2010, and 2014 are prescribed, as the alleged discrimination occurred more than 1 year prior to this suit.[9] Plaintiff responds

---

[8] *Lormand*, 565 F.3d at 255–57.
[9] Claims under Title VII are subject to a 300-day administrative filing period. 42 U.S.C. § 2000e-5(e)(1). All other claims are subject to a one-year prescriptive period. *See Taylor v. Bunge Corp.,* 775 F.2d 617, 618 (5th Cir. 1985) (federal discrimination claims subject to 1 year prescriptive period); La. Rev. Stat. § 23:301 (claims under Louisiana Employee Discrimination Law are subject to one-year prescriptive period).

3

in opposition, arguing that the complained-of discrimination constitutes a "continuing violation" such that this Court may impose liability for actions occurring outside the limitation period. The continuing violation theory typically applies to hostile work environment claims.[10] This doctrine is equally applicable to Title VII claims and claims brought under § 1983. "Unlike in a case alleging discrete violations, a hostile environment plaintiff is not limited to filing suit on events that fall within this statutory time period because her claim is comprised of a series of separate acts that collectively constitute one unlawful employment practice."[11] "A continuing violation involves repeated conduct, and cannot be said to occur on any particular day. It instead occurs over a series of days or perhaps years and, in direct contrast to discrete acts, a single act of harassment may not be actionable on its own."[12] There are several limits on the applicability of the continuing violations doctrine, including

> (1) the plaintiff must demonstrate that the separate acts are related; (2) the violation must be continuing; intervening action by the employer, among other things, will sever the acts that preceded it from those subsequent to it; and (3) the doctrine may be tempered by the court's equitable powers, which must be exercised to "honor Title VII's remedial purpose without negating the particular purpose of the filing requirement."[13]

Unlike a hostile work environment claim, Plaintiff alleges discrete instances in which she was denied promotions. First, she avers that when she applied for two mid-level supervisory positions in 2004, she was denied the position and told that "the jobs were for men." Second, she alleges that when

---

[10] *Johnson v. Fluor Corp.*, 181 F. Supp. 3d 325 (M.D. La. 2016).
[11] *Id.* (internal quotations omitted).
[12] *Jurach v. Safety Vision, LLC*, 72 F. Supp. 3d 698, 707 (S.D. Tex. 2014), aff'd, 642 F. App'x 313 (5th Cir. 2016) (internal quotations omitted) (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 115 (2002).
[13] *Heath v. Bd. of Supervisors for S. Univ. & Agric. & Mech. Coll.*, 850 F.3d 731, 738 (5th Cir. 2017), as revised (Mar. 13, 2017).

4

she applied for the transportation director position in 2010, she was again denied the position and told that the board "had to hire a black." Third, she alleges that in 2014 she applied for a mid-level transportation coordinator position and was passed over in favor of a less-qualified, younger white female. Finally, she alleges that in 2016 she applied for the position of transportation director but was once again passed over, this time in favor of a younger black male. "The continuing violation doctrine does not apply when 'the relevant discriminatory actions alleged in the complaint [are] the sort[s] of discrete and salient event[s] that should put an employee on notice that a cause of action has accrued.'"[14] Each of Plaintiff's denied promotions are just such discrete and salient events. Indeed, Plaintiff contemporaneously complained of discrimination each time. Furthermore, these claims do not allege the same type of discrimination, as some allege racial discrimination while others allege sex discrimination. Accordingly, the continuing violation doctrine does not apply, and Plaintiff's claims that arose outside of the one-year limitation—or before December 30, 2015—are time barred. This includes the aforementioned claims arising out of events in 2004, 2010, and 2014. Only Plaintiff's claims arising out of the denial of promotion in 2016 survive.

**II. Whether Plaintiff has Stated a Claim for Discrimination**

Defendants next argue that Plaintiff cannot state a claim for discrimination under federal or state law because such claims are precluded by Judge Lemelle's orders in *Moore*. This argument belies common sense. This Court cannot, by its orders, obviate the protections provided by federal and state discrimination laws. Indeed, it is readily apparent that Judge Lemelle did not intend to do so, as he expressly noted that the school board may not

---

[14] *Id.* (quoting *Windhauser v. Bd. of Supervisors for Louisiana State Univ. & Agr. & Mech. Coll.*, 360 Fed. Appx. 562, 566 (5th Cir. 2010)). *See Henson v. Bell Helicopter Textron, Inc.*, 128 F. App'x 387, 391 (5th Cir. 2005).

simply deny Plaintiff a promotion because she is white and another applicant is black.[15]

To allege a prima facie case for discrimination, Plaintiff must allege that (1) she was not promoted, (2) she was qualified for the position she sought, (3) she fell within a protected class at the time of the failure to promote, and (4) the defendant either gave the promotion to someone outside of that protected class or otherwise failed to promote the plaintiff because of her membership in that class.[16] With regard to her 2016 application for transportation director, she has alleged that she did not receive the promotion, that she was the most qualified for the position she sought, that she fell within a protected class as a white woman, and that the job went to a black male, an individual outside the protected class. At this early stage of the litigation, this is sufficient to state a claim for race and sex discrimination.

### III. Whether Plaintiff has Stated a Claim for Due Process Violations

Defendants next aver that the due process claims against them must be dismissed because Plaintiff has not identified a protectable property interest. To prevail on a due process claim, a Plaintiff must first establish that she has a property right to which due process protections apply.[17] "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it."[18] Property interests are not created by the constitution, "[r]ather they are created and their dimensions are defined by existing rules or understandings that stem from an independent

---

[15] No 65-15556, Doc. 1425 at 8 (discussing Plaintiff's complaint in the context of a motion for unitary status).
[16] *Autry v. Fort Bend Indep. Sch. Dist.*, 704 F.3d 344, 346–47 (5th Cir. 2013).
[17] *Blackburn v. City of Marshall*, 42 F.3d 925, 936 (5th Cir. 1995).
[18] *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972).

6

source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits."[19]

Plaintiff avers that she was denied her right to due process when, after being denied a promotion, she was not permitted to proceed with the grievance procedure provided for in the TPSB employment manual. The Court notes that she does not specifically identify a property right in her complaint. Nevertheless, in her briefing, she alleges (1) that she had a liberty interest in her reputation that was impugned by her failure to receive the job in question and (2) that she had a right to public employment per the Louisiana constitution. The Court finds neither of these arguments persuasive.

**A. Plaintiff has Identified No Actionable Liberty Interest in her Reputation**

Plaintiff avers that her reputation was damaged because the TPSB job application process is public and individuals in the community continue to wonder why she continues to lose out on promotions to applicants whom she contends are less qualified. This is insufficient to establish a constitutionally protected property right. Procedural due process protections are implicated with regard to a Plaintiff's reputation "only when the employee is discharged in a manner that creates a false and defamatory impression about him and thus stigmatizes him and forecloses him from other employment opportunities."[20] "Invasion of an interest in reputation alone is insufficient to establish § 1983 liability because a damaged reputation, apart from injury to a more tangible interest such as loss of employment, does not implicate any "liberty" or "property" rights sufficient to invoke due process."[21] In the employment context, the Fifth Circuit employs a seven-part test to determine

---

[19] *Id.* at 577.
[20] *Bledsoe v. City of Horn Lake, Miss.*, 449 F.3d 650, 653 (5th Cir. 2006).
[21] *Geter v. Fortenberry*, 849 F.2d 1550, 1556 (5th Cir.1988).

whether § 1983 proves a government employee with a remedy for deprivation of liberty without the opportunity to clear her name:

> The plaintiff must show: (1) he was discharged; (2) stigmatizing charges were made against him in connection with the discharge; (3) the charges were false; (4) he was not provided notice or an opportunity to be heard prior to the discharge; (5) the charges were made public; (6) he requested a hearing to clear his name; and (7) the employer denied the request.[22]

Plaintiff's allegations fall short on several fronts. She has alleged neither that she was discharge nor that stigmatizing charges were made against her by her employer. Absent such allegations, her procedural due process claims based on impairment of her reputation must fail.

### B. Plaintiff Had No Property Right to Promotion

Plaintiff next argues that she had a property interest in public employment that was violated by Defendants. In support of this contention, she cites to the Louisiana Constitution, which vests civil service employees of the state with property rights in their continued employment.[23] This argument fails for two reasons. First, though the Louisiana Constitution give some state employees a property right in continued employment, it specifically exempts school board employees, such as Plaintiff, from its protections.[24] Additionally, Plaintiff has not identified a case where the deprivation of due process was based on a failure to promote. Indeed, one of the cases cited by Plaintiff to support her position specifically indicates that "failing to promote the plaintiff would not amount to a due process violation . . . because the state would not have taken anything from the plaintiff without due process, it would only have failed to give him something."[25]

---

[22] *Bledsoe v. City of Horn Lake, Miss.*, 449 F.3d 650, 653 (5th Cir. 2006).
[23] La. Const. art. 10, §§ 5, 8, 10.
[24] La. Const. art. 10, § 2.
[25] *Vanderwall v. Horner*, 635 F. Supp. 688, 694 (E.D. La. 1986).

Because Plaintiff fails to allege a protected property right, her due process claims are dismissed without prejudice.

## IV. Claims Against the Individual Defendants

The Individual Defendants next aver that the claims against them in their personal capacities must be dismissed on the basis of qualified immunity. They also argue that the state law employment discrimination claims asserted against them in their individual capacities are barred by state law. Finally, they argue that the official-capacity claims against them should be dismissed as duplicative of the claims asserted against TPSB. The Court will address these arguments in turn.

### A. Qualified Immunity

Defendants argue that (1) Plaintiff has not alleged sufficient facts to show that the Individual Defendants were personally involved in the deprivation of any constitutional rights and (2) even if her factual allegations are sufficient, Plaintiff has failed to plead a violation of any clearly established constitutional right. In *Saucier v. Katz*, the Supreme Court promulgated a two-step analysis to determine if an official has stepped outside the bounds of qualified immunity. Under that test, the initial inquiry is whether the Plaintiff has alleged a constitutional violation. If established, the next inquiry is whether the defendant's conduct was objectively reasonable in light of clearly established law at the time the conduct occurred. In *Pearson v. Callahan*, the Court retreated somewhat from this rigid two-step inquiry, giving courts leave to decide which prong to consider first. "[I]f the pleadings on their face show an unreasonable violation of a clearly established constitutional right, the defense of qualified immunity will not sustain a motion to dismiss under Rule 12(b)(6)."[26] "[A] plaintiff 'must identify

---

[26] *Shipp v. McMahon*, 234 F.3d 907, 912 (5th Cir.2 000).

9

defendants who were either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged.'"[27]

The Court is mindful of the fact that, with the exception of her claim arising out of her 2016 application for the transportation director position, Plaintiff's claims are prescribed. Accordingly, to avoid qualified immunity, Plaintiff must plead specific facts to support constitutional violations by each of the Individual Defendants regarding the denial of this position. Plaintiff has not met this burden. Plaintiff alleges that Defenses Kolwe and Bellavia had previously offered the transportation director position to Terran Perry, a less qualified, younger African-American male applicant. Plaintiff alleges that this was part of a conspiracy to avoid having a black principal at Hammond High School; however, she does not allege that these Individual Defendants were motivated by any desire to discriminate against her. She also alleges that Defendant Daniels indicated that "they need a man in [the transportation director] position," however, she does not allege that Daniels had any authority over hiring for the position at issue. In light of the paucity of factual allegations in the Complaint, the Court finds that Plaintiff cannot overcome the defense of qualified immunity as to the Individual Defendants. The Court will, however, give Plaintiff leave to amend to the extent that she can allege facts sufficient to show that the Individual Defendants were personally responsible for the alleged civil rights violations.

**B. State Law Claims**

Defendants next argue that Plaintiff's claims under the Louisiana Employment Discrimination Law against the Individual Defendants must be dismissed because they do not qualify as employers under this statute. Plaintiff has not opposed this portion of the Motion. "It is well established that

---

[27] *Roberts v. City of Shreveport*, 397 F.3d 287, 292 (5th Cir. 2005).

'Louisiana's antidiscrimination law provides no cause of action against individual employees, only against employers.'"[28] "Based on the clear language of the statute and both federal and state case law, the Louisiana employment discrimination laws do not expose co-employees or supervisors to liability."[29] Accordingly, Plaintiff's individual capacity claims against the Individual Defendants under the Louisiana Employment discrimination law must be dismissed with prejudice.

### C. Duplicative Claims

Defendants finally argue that any claims against them in their official capacities should be dismissed as duplicative of the claims asserted against TPSB. This Court agrees. Official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent."[30] If the claims against an official in his official capacity seek identical relief as claims against a governmental entity, the official capacity claims may be dismissed as duplicative.[31] Accordingly, because all claims against the Individual Defendants in their official capacities are redundant of the claims against TPSB, these claims are dismissed with prejudice.

## CONCLUSION

For the forgoing reasons, Defendants' Motion to Dismiss is **GRANTED IN PART** as outlined herein. Plaintiff's claims arising out of events taking place prior to December 30, 2015 are **DISMISSED WITH PREJUDICE** as prescribed. Plaintiff's procedural due process claims and her claims against the Individual Defendants are **DISMISSED WITHOUT PREJUDICE**.

---

[28] *Minnis v. Bd. of Sup'rs of Louisiana State Univ. & Agric. & Mech. Coll.*, 972 F. Supp. 2d 878, 889 (M.D. La. 2013)
[29] *Aronzon v. Sw. Airlines*, No. 03-394, 2004 WL 57079, at *5 (E.D. La. Jan. 9, 2004).
[30] *Monel v. Dep't. of Soc. Servs.*, 436 U.S. 658, 690 n. 55 (1978).
[31] *See Castro Romero v. Becken,* 256 F.3d 349, 355 (5th Cir. 2001).

Plaintiff may amend her complaint within 21 days of the entry of this order to the extent she can remedy the deficiencies outlined herein.

New Orleans, Louisiana this 17th day of July, 2017.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**