UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KIM NOTARIANO | CIVIL ACTION |
| VERSUS | NO: 16-17832 |
| TANGIPAHOA PARISH SCHOOL BOARD, ET AL | SECTION: "H"(2) |

## ORDER AND REASONS

Before the Court are Defendants' Motion for Reconsideration (Doc. 32), Motion to Dismiss (Doc. 34), and Motion to Stay Discovery (Doc. 48). For the following reasons, Defendants' Motion for Reconsideration is DENIED, Defendant's Motion to Dismiss is GRANTED IN PART, and Defendants' Motion to Stay Discovery is DENIED AS MOOT.

## BACKGROUND

In this action, Plaintiff Kim Notariano, a white female over the age of 40, seeks damages for alleged systemic violations of her civil rights stemming from the employment practices of the Tangipahoa Parish School Board ("TPSB") and its superintendent, Defendant Ossie Mark Kolwe. Plaintiff

1

alleges that she has been unlawfully denied promotions in 2004, 2010, 2014, and 2016 based in whole or in part upon her sex, age, and race, and also as retaliation for complaining of the same. She also alleges that she has been the victim of a conspiracy to circumvent the Court's orders in *Joyce Marie Moore, et al. v. Tangipahoa Parish School Board*¸ the still-active desegregation case regarding TPSB.[1] She brings claims of sex discrimination, retaliation, age discrimination, and race discrimination under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §§ 1981, 1981a, 1983, and 1988. She also alleges that the actions of Defendants violated the due process protections of the 14th Amendment. Finally, she brings state law causes of action for intentional infliction of emotional distress and under the Louisiana Employment Discrimination Law.

On a previous motion to dismiss, this Court found that Plaintiff's claims arising from events taking place before December 30, 2015 have prescribed and therefore dismissed with prejudice all of Plaintiff's claims except those stemming from the denial of a promotion in 2016.[2] With respect to that incident, the Court found that Plaintiff alleged sufficient facts to state a claim for discrimination, specifically holding that Judge Lemelle's orders in *Moore* do not preclude Plaintiff's claim.[3] The Court dismissed without prejudice Plaintiff's claims for violations of procedural due process and against Defendant Kolwe in his personal capacity for constitutional violations, granting Plaintiff leave to amend her Complaint.[4]

---

[1] Case no. 65-15556.
[2] Doc. 28 at 5.
[3] Doc. 28 at 5–6.
[4] Doc. 28 at 9–10. The Court also dismissed with prejudice Plaintiff's state law claims against the Individual Defendants and all claims against the Individual Defendants in their official capacities. Doc. 28 at 10–11.

Plaintiff filed a Second Supplemental, Restated and Amending Complaint ("Second Amended Complaint"), superseding Plaintiff's prior complaints.[5] The Second Amended Complaint additionally alleges that Defendants attempted to alter the qualifications of the Director of Transportation position in 2016 to make a black applicant appear qualified; that the younger, black, male applicant selected for the job over Plaintiff was not qualified; that the denial of a hearing on Plaintiff's resulting grievance violated state law guaranteeing school employees such; and that Defendant Kolwe knew or should have known that his actions in denying Plaintiff a hearing violated state law and TPSB policy.

In their Motion for Reconsideration (Doc. 32), Defendants ask the Court to reconsider its holding that Plaintiff's suit is not barred by Judge Lemelle's orders in *Moore*, pointing to an order issued in that case after this Court's denial of Defendants' previous motion to dismiss. Plaintiff opposes. In their Motion to Dismiss (Doc. 34), Defendants argue that Plaintiff fails to state a claim for discrimination in light of the same *Moore* order relied on in their Motion for Reconsideration, that Plaintiff fails to identify a property right on which to rest a claim for violation of due process, and that Defendant Kolwe is entitled to qualified immunity. Plaintiff opposes.

## **LEGAL STANDARD**

A Motion for Reconsideration of an interlocutory order is governed by Federal Rule of Civil Procedure 54(b), which states that: "[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of

---

[5] Doc. 31.

a judgment adjudicating all the claims and all the parties' rights and liabilities." "Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'"[6] "'[T]he power to reconsider or modify interlocutory rulings is committed to the discretion of the district court, and that discretion is not cabined by the heightened standards for reconsideration' governing final orders."[7]

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."[8] A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[9] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[10] The Court need not, however, accept as true legal conclusions couched as factual allegations.[11]

To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[12] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice.[13] Rather, the complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim.[14]

---

[6] Austin v. Kroger Texas, L.P., No. 16-10502, 2017 WL 1379453, at *9 (5th Cir. 2017) (quoting Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 185 (5th Cir. 1990)).
[7] *Id.* (quoting Saint Annes Dev. Co. v. Trabich, 443 Fed. Appx. 829, 831–32 (4th Cir. 2011).
[8] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).
[9] *Id.*
[10] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).
[11] *Iqbal*, 556 U.S. at 678.
[12] *Id.*
[13] *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).
[14] *Lormand*, 565 F.3d at 255–57.

## LAW AND ANALYSIS

I. **Defendants' Motion for Reconsideration**

Defendants ask this Court to reconsider its holding that Plaintiff's suit is not barred by *Moore*. Defendants point to an order in that case issued after this Court denied Defendants' previous motion to dismiss on the ground that *Moore* precluded Plaintiff's suit.[15] Defendants argue that in the order, Judge Lemelle confirmed that the TPSB superintendent is not obligated to choose a more-qualified, non-black applicant.[16] However, the language that Defendants quote to support this contention appears to be Judge Lemelle's recitation of the TPSB's argument.[17] The text of the order itself only concludes that, "The law and facts support the Board's decision in hiring the black applicant who held the requisite certification even if there was an equally qualified white applicant."[18] It also observes that, "the Superintendent may hire a more qualified non-black applicant, as long as certain procedures are followed."[19] Judge Lemelle's order does not touch on the gravamen of Plaintiff's claim—that she was more qualified than the younger, male, black applicant given the job. Accordingly, nothing in the new *Moore* order changes the conclusion that this Court has already reached, and Defendants' Motion for Reconsideration is DENIED.

II. **Defendants' Motion to Dismiss**

Defendants first argue that Plaintiff fails to state a claim for discrimination for the same reasons that Defendants assert in their Motion for

---

[15] *See* Doc. 1471 at 11–12, Civil Action No. 65-15556 (E.D. La.).
[16] Doc. 32-1 at 3.
[17] Doc. 1471 at 11–12, Civil Action No. 65-15556 (E.D. La.) ("However, *the Board notes that* 'the Superintendent is not obligated . . . .'" (emphasis added)).
[18] Doc. 1471 at 12, Civil Action No. 65-15556 (E.D. La.).
[19] Doc. 1471 at 11, Civil Action No. 65-15556 (E.D. La.).

Reconsideration, that is, that court orders in *Moore* protect Defendants' actions from a discrimination claim. Because this Court finds that argument unavailing, Defendants' Motion to Dismiss for failure to state an actionable discrimination claim is also DENIED for the reasons described above.

Defendants next argue that Plaintiff's claim for violations of due process should be dismissed for the failure to allege the existence of a property right of which Plaintiff has been deprived. In briefing, Plaintiff identifies the right to a full public hearing on her grievance as the property right that Defendants denied her.[20] Plaintiff argues that Louisiana Revised Statutes § 17:100.4(C) mandates that school employee grievance procedures include the right to "a full public hearing on [a] grievance before the entire school board."[21] As an initial matter, this Court notes that § 17:100.4(C) plainly does not confer the right to a public hearing before the school board. Rather, it requires "a full hearing before the superintendent or his designee," who then must deliver a transcript and recommendation to the school board.[22] The board must only "dispose of" the grievance, not hear it, and there is no requirement that any hearing be public.[23] But regardless of whether Defendants did deprive Plaintiff of the procedures mandated by § 17:100.4(C), the deprivation of a procedural right cannot itself be the underlying denial of a property right on which a due process claim rests.[24] Plaintiff's Second Amended Complaint therefore still

---

[20] Doc. 36 at 5–6
[21] Doc. 36 at 5; *see* LA. REV. STAT. § 17:100.4(C).
[22] LA. REV. STAT. § 17:100.4(C).
[23] *See id.*
[24] *See* Garraghty v. Com. of Va., Dep't of Corr., 52 F.3d 1274, 1284–85 (4th Cir. 1995) ("[W]e have found no case in which a federal court has held that state law establishes a property right to participation in a state's grievance procedure."); Miss. Forum on Children & Families v. Miss. Dep't of Human Servs., 850 F. Supp. 2d 644, 649 (S.D. Miss. 2012) ("[C]ourts have consistently held that where there is no property interest in the underlying decision, there is no protected property interest in the procedures which attend the decision.").

fails to allege the deprivation of a property right and Plaintiff's due process claims are accordingly DISMISSED WITH PREJUDICE.

Defendants finally argue that Defendant Kolwe, the only remaining defendant sued in his individual capacity, is entitled to qualified immunity against claims for constitutional violations. Because Plaintiff's claims relating to prior incidents prescribed and because Plaintiff's claims for violation of due process have been dismissed, the only constitutional claims against Defendant Kolwe in his personal capacity that remain are those for employment discrimination related to the denial of a promotion in 2016. This Court previously held that Defendant Kolwe was entitled to qualified immunity on those claims because Plaintiff failed to allege that Defendant Kolwe was motivated by a desire to discriminate against Plaintiff.[25] The only allegation relating to Defendant Kolwe and the 2016 employment discrimination claims that Plaintiff added in the Second Amended Complaint is that "Defendants" attempted to change the qualifications for the Director of Transportation job to make their preferred candidate appear qualified. That allegation does not cure the defect in Plaintiff's complaint that the Court previously identified. Because Plaintiff's Second Amended Complaint still fails to allege that Defendant Kolwe intended to discriminate against Plaintiff in the 2016 denial of a promotion, Plaintiff cannot overcome the barrier of qualified immunity and Plaintiff's claims against Defendant Kolwe for the violation of her constitutional rights are DISMISSED WITH PREJUDICE.

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Reconsideration is DENIED. Defendants' Motion to Dismiss is GRANTED IN PART. Plaintiff's

---

[25] Doc. 28 at 9–10.

claims for violations of Due Process and claims against Defendant Kolwe in his personal capacity for violations of Plaintiff's constitutional rights are DISMISSED WITH PREJUDICE. Further, Defendants' Motion to Stay Discovery is DENIED AS MOOT.

New Orleans, Louisiana this 5th day of March, 2018.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**