UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KIM NOTARIANO | CIVIL ACTION |
| VERSUS | NO. 16-17832 |
| TANGIPAHOA PARISH SCHOOL BOARD ET AL. | SECTION "H"(2) |

## ORDER AND REASONS ON MOTION

The presiding district judge has recently referred defendants' Motion to Stay Discovery to me. Record Doc. Nos. 84, 86. Plaintiff, Kim Notariano, filed an untimely opposition memorandum without seeking leave to do so, Record Doc. No. 85, which I have nonetheless considered. For the following reasons, IT IS ORDERED that the motion is GRANTED IN PART and DENIED IN PART, as provided herein.

Notariano sued the Tangipahoa Parish School Board (the "Board"), former Board Superintendent Ossie Mark Kolwe and Board member Walter Daniels pursuant to 42 U.S.C. §§ 1981 or 1981a, 1983, 1985, 1986, 1988 et seq.; the Louisiana Employment Discrimination Law, La. Rev. Stat. § 23:301 et seq.; and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) et seq., for alleged acts of employment discrimination based on her sex, age and race and retaliation. Plaintiff's complaint, as amended and supplemented, Record Doc. Nos. 76, 90, also alleges that her various causes of action are based on the same, substantially overlapping cumulation of factual circumstances.

In response to Notariano's third amended and supplemental complaint, all defendants filed a motion to dismiss her state law claims and claims pursuant to Sections 1985 and 1986. Record Doc. No. 77. Kolwe and Daniels – but not the Board – each filed a motion to dismiss the claims against him based on qualified immunity. Record Doc. Nos. 78, 79. These motions are pending before the presiding district judge.

In their motion to stay discovery, defendants ask the court to stay **all** discovery pending a ruling on their three dispositive motions, arguing that a ruling in their favor on any of the motions would significantly reduce the scope of discovery and emphasizing in particular the individual defendants' defense of qualified immunity as a bar to discovery. Notariano responds that the qualified immunity defense, even if it is upheld as to Kolwe and/or Daniels, does not apply to the Board and that the pendency of dispositive motions should not preclude plaintiff from pursuing relevant discovery, at least with respect to her claims against the Board. The discovery deadline is December 19, 2018. Record Doc. No. 67 at p. 2.

As to defendants' assertion of the defense of qualified immunity as a basis for staying discovery,

> [t]he doctrine of qualified immunity offers a shield against civil liability for government employees "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." . . . . "[W]hether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action generally turns on the objective legal reasonableness of the action,

assessed in light of the legal rules that were clearly established at the time it was taken."

Wernecke v. Garcia, 591 F.3d 386, 392-93 (5th Cir. 2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Pearson v. Callahan, 555 U.S. 223, 231 (2009)).

The Fifth Circuit has emphasized that

> "[q]ualified immunity is an immunity from suit rather than a mere defense to liability." Pearson v. Callahan, 555 U.S. 223, 237 (2009) (internal quotation marks omitted). . . . [I]mmunity is "effectively lost if a case is erroneously permitted to go to trial" . . . . Mitchell v. Forsyth, 472 U.S. 511, 526-27 . . . (1985). This court has applied Mitchell to trial court discovery orders that, through overbreadth, effectively deprive public officials of an immunity from suit. Wicks v. Miss. State Emp't Servs., 41 F.3d 991, 994-95 (5th Cir. 1995)[.]
> 
> One of the most salient benefits of qualified immunity is protection from pretrial discovery, which is costly, time-consuming, and intrusive, Helton v. Clements, 787 F.2d 1016, 1017 (5th Cir. 1986). Consequently, this court has established a careful procedure under which a district court may defer its qualified immunity ruling if further factual development is necessary to ascertain the availability of that defense. As we explained in Wicks, supra, a district court must first find "that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity." Id.; see also Ashcroft v. Iqbal, 556 U.S. 662, 678-79 . . . (2009) (directing that a plaintiff must "state a claim for relief that is plausible on its face"– excluding statements that are "no more than conclusions" which are "not entitled to the assumption of truth"). Thus, a plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity. After the district court finds a plaintiff has so pled, if the court remains "unable to rule on the immunity defense without further clarification of the facts," it may issue a discovery order "narrowly tailored

to uncover only those facts needed to rule on the immunity claim." Lion Boulos[ v. Wilson, 834 F.2d 504, 507-08 (5th Cir. 1987)].

Backe v. LeBlanc, 691 F.3d 645, 648 (5th Cir. 2012).

As to more generalized requests, unrelated to qualified immunity, to stay discovery on grounds that a pending motion may dispose of the case, rendering discovery unnecessary, "no federal [or local] rule, statute, or binding case law applies here to automatically stay discovery pending a ruling on Defendants' Motion to Dismiss. Filing a Rule 12(b)(6) [or 12(b)(3)] motion to dismiss does not automatically stay discovery . . . until the motion is resolved." Escareno ex rel. A.E. v. Lundbeck, LLC, No. 3:14-CV-257-B, 2014 WL 1976867, at *2 (N.D. Tex. May 15, 2014) (citing Glazer's Wholesale Drug Co. v. Klein Foods, Inc., No. 3:08-cv-774-L, 2008 WL 2930482, at *1 (N.D. Tex. July 23, 2008)). Defendants essentially "are seeking to invoke a rule that a pending motion to dismiss stays discovery–but no such rule applies in these circumstances. In fact, such a stay is the exception rather than the rule." Id. (quotation omitted) (citing Glazer's Wholesale Drug Co., 2008 WL 2930482, at *1).

As a matter of federal procedure, a request to stay discovery is actually a motion for protective order under Fed. R. Civ. P. 26(c)(1)(A), (B), which provides in pertinent part:

> A party or any person from whom discovery is sought may move for a protective order . . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense,

including . . . (A) forbidding the . . . discovery; (B) specifying terms . . . for the . . . discovery . . . .

The requirement "of a showing of good cause to support the issuance of a protective order indicates that '[t]he burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.'" In re Terra Int'l, Inc., 134 F.3d 302, 306 (5th Cir. 1998) (quoting United States v. Garrett, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)); see also United States v. Talco Contractors, Inc., 153 F.R.D. 501, 513 (W.D.N.Y. 1994) ("Good cause must be established and not merely alleged."). Thus, "[t]he Court does have discretion to stay discovery 'for good cause shown.'" Escareno, 2014 WL 1976867, at *1 (quoting Fed. R. Civ. P. 26(c)(1)) (citing Landry v. Air Line Pilots Ass'n, 901 F.2d 404, 436 (5th Cir. 1990)). Given the court's "broad discretion to manage the conduct of discovery, . . . [n]o categorical rule is appropriate; rather each case should be considered based on its unique facts and context." Sai v. Dep't of Homeland Sec., 99 F. Supp. 3d 50, 58 (D.D.C. 2015) (quotation and citations omitted).

In this case, given the Fifth Circuit precedent quoted above, qualified immunity as a basis for staying discovery certainly satisfies the good cause requirement. However, it applies only to the Section 1981 et seq. claims against the individual defendants, Kolwe and Daniels. It does not apply to any of the claims asserted against the Board or to the federal statutory and state law claims asserted against all defendants.

On one hand, I find that a stay of discovery as to Kolwe and Daniels related solely to the Section 1981 et. seq. claims against them is mandated by the Fifth Circuit precedent summarized above. Addressing a previous version of plaintiff's complaint, the court has already determined that Kolwe and Daniels – not the Board – are entitled to the protections of the doctrine of qualified immunity. Record Doc. Nos. 28, 60. In doing so, however, the court identified a particular shortcoming in plaintiff's previous pleadings; i.e., factual insufficiency to allege intentional discrimination, which plaintiff's subsequently amended and supplemental complaint strives mightily to cure. See Record Doc. No. 60 at paragraphs 40, 48, 56, 69-74, 81-83, 89, 94, 99.

On the other hand, the difficulty in this case is that defendants have failed to establish good cause supporting a stay of discovery as to the remaining claims, which are based on substantially the same facts underlying the Section 1981 et seq. causes of action against Kolwe and Daniels. As stated above, such a discretionary stay while dispositive motions are pending is the exception rather than the rule. My impression of the court's previous rulings regarding prior versions of the complaint is that it is unlikely that the case as a whole will be dismissed as a result of the currently pending dispositive motions; particularly in that claims against the Board are likely to remain viable. By virtue of their positions as key decision-makers for the Board and their individual actions alleged in the amended complaint, Kolwe and Daniels are key witnesses who will undoubtedly be deposed before and then testify in any trial, even if they are dismissed as individual

defendants on qualified immunity grounds. The same lawyers representing the Board also represent Kolwe and Daniels. Thus, the cost, time and intrusion savings contemplated by the qualified immunity discovery prohibition will be minimal.

Additionally, the discovery deadline of December 19, 2018 is fast approaching and discovery has barely begun. Defendants assure the court that there will be enough time to complete discovery once the dispositive motions have been decided. While four months is probably sufficient to complete everything, I know from personal experience that the realities of the busy schedules of litigation attorneys and the process of promulgating, responding to and evaluating interrogatories and production requests and deposing witnesses means that any hiccup in conducting discovery will threaten the trial date. Defendants have made no proposal as to how the discovery stay could be limited or structured to that portion of the case dealing with qualified immunity, while also permitting discovery relating to everything else to proceed in a workable manner. Instead, defendants have asked for a complete, across-the-board stay of <u>all</u> discovery until the motions are determined. Record Doc. No. 84 at p. 2  The pending motions present difficult issues and there is no guarantee that the court will address them sooner rather than later.

As to defendants' argument that they would agree to an extension of discovery deadlines should the plaintiffs so require, Record Doc. No. 84 at p. 2, extensions of deadlines in this court are not automatically granted on request. Rather, they are granted

only when parties establish good cause under Rule 16 standards.  See Fed. R. Civ. P. 16(b)(4); Record Doc. No. 67 at p. 4.  Deadlines and the trial date have already been continued once in this case.  There is certainly no guarantee that they will be extended again.

For the foregoing reasons, the motion is granted in part as follows:  All discovery requests (interrogatories, requests for production, requests for admission, notices of the depositions of the individual defendants) directed to Kolwe and Daniels are hereby STAYED, pending determination of their motions to dismiss based on qualified immunity grounds.  Record Doc. Nos. 78, 79.  This stay will be automatically lifted without further order of the court upon entry of the court's order deciding those motions.

In all other respects, the motion is denied.  Discovery requests directed to the entity defendant, the Board, may proceed, including the depositions sought by plaintiff of Ronald Genco, the Board's Director of Human Resources; and Andrew Jackson, the Board's Chief Desegregation Implementation Officer.

New Orleans, Louisiana, this ___13th___ day of August, 2018.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE