UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KIM NOTARIANO | CIVIL ACTION |
| VERSUS | NO: 16-17832 |
| TANGIPAHOA PARISH SCHOOL BOARD, ET AL. | SECTION: "H" |

## ORDER AND REASONS

Before the Court are Defendants' Motion to Dismiss Plaintiff's state law and federal conspiracy claims (Doc. 77) and Motions to Dismiss on Qualified Immunity by Defendants Ossie Mark Kolwe (Doc. 78) and Walter Daniels (Doc. 79). For the following reasons, Defendants' Motion to Dismiss Plaintiff's state law and federal conspiracy claims is **GRANTED IN PART**, and Defendants' Motions to Dismiss on Qualified Immunity are **GRANTED IN PART**.

## BACKGROUND

This employment discrimination and retaliation suit arises out of Defendant Tangipahoa Parish School Board's (the "Board") decision not to hire Plaintiff Kim Notariano as the Board's Director of Transportation on two separate occasions. Notariano, a 56-year-old white woman, alleges that the Defendants discriminated against her in violation of state and federal law on the basis of race, age, and sex when she was denied the position in 2016. She

1

further alleges that the Defendants continued to discriminate against her and retaliated against her for filing this suit when she was again denied the position in 2018.

This Court already detailed the background of this lawsuit in previous Orders and Reasons.[1] For purposes of this Order and Reasons, it is worth noting again that this litigation arose in the context of the desegregation order that another section of this Court continues to enforce against the Board.[2]

On May 17, 2018, Plaintiff filed a Third Supplemental and Amended Complaint ("Third Amended Complaint").[3] The remaining Defendants in this suit—the Board, Kolwe, and Daniels—moved to dismiss Plaintiff's Louisiana employment discrimination claims and her federal conspiracy claims on May 30, 2018. On the same day, Defendants Kolwe and Daniels moved to dismiss Plaintiff's claims against them individually on qualified immunity grounds.[4] Plaintiff opposes all three Motions to Dismiss.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts to "state a claim for relief that is plausible on its face."[5] A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[6]

---

[1] *See* Docs. 28, 60.
[2] *See* Joyce Marie Moore, et al. v. Tangipahoa Parish School Board, No. 65-15556 (E.D. La.) (Lemelle, J.).
[3] *See* Doc. 76.
[4] At the time the Motions were filed and during all relevant periods for purposes of this litigation, Kolwe was Tangipahoa Parish's Superintendent of Schools and Daniels was a member of the Board. Kolwe has since retired and Daniels recently lost his bid for re-election to the Board.
[5] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).
[6] *Id.* (citing *Twombly*, 550 U.S. at 556).

A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[7] The Court need not, however, accept as true legal conclusions couched as factual allegations.[8] To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[9] If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.[10]

## LAW AND ANALYSIS

This Court will first address Defendants' Motion to Dismiss Plaintiff's state discrimination and federal conspiracy claims before analyzing their Motions to Dismiss on qualified immunity.

### I. Louisiana Discrimination Claims

Louisiana's Employment Discrimination Law provides that employers shall not refuse to hire a person on the basis of race, age, or sex.[11] The Law further provides,

> A plaintiff who believes he or she has been discriminated against, and who intends to pursue court action shall give the person who has allegedly discriminated written notice of this fact at least thirty days before initiating court action, shall detail the alleged discrimination, and both parties shall make a good faith effort to resolve the dispute prior to initiating court action.[12]

Failure to comply with the statute's pre-suit notice requirements may result in dismissal without prejudice.[13]

---

[7] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).
[8] *Iqbal*, 556 U.S. 662 at 678.
[9] *Id.*
[10] *Lormand*, 565 F.3d 228 at 255–57.
[11] *See* LA. REV. STAT. §§ 23:312, 332.
[12] *Id.* § 23:303(C).
[13] *See, e.g.*, Plaisance v. Airgas-Gulf States, Inc., No. 07-8440, 2008 WL 1730535, at *4 (E.D. La. Apr. 10, 2008); Casey v. Livingston Par. Commc'ns Dist., 476 F. Supp. 2d 600, 608

Some courts have held that the statute requires a plaintiff to provide a defendant with notice of an intent to sue.[14] Other courts, however, have held that conduct by a plaintiff that puts a defendant on notice of alleged discrimination in writing may satisfy the statute's notice requirement even if a plaintiff does not provide explicit notice of an intent to sue.[15] For example, in *Madden v. JP Morgan Chase & Co.*, a court in Louisiana's Western District held that a complaint describing alleged discrimination filed by a plaintiff with her employer satisfied the statute's pre-suit notice requirements.[16] The court in *Madden* reasoned that "the most logical understanding of the statute is that it requires a plaintiff to give notice of the fact the plaintiff believes he or she has been discriminated against, then detail that discrimination."[17]

Here, like in *Madden*, Plaintiff alleges that she filed a grievance with the Board regarding the Board's alleged discrimination against her more than 30 days before she filed suit in December 2016.[18] Plaintiff also filed a formal EEOC charge against the Board in June 2016 alleging race, sex, and age discrimination.[19] Courts have held that EEOC charges may satisfy the statute's pre-suit notice requirements if they contain the same allegations as a

---

(M.D. La. 2007); Smith v. Diamond Offshore Mgmt. Co., No. 03-2024, 2003 WL 23095586, at *4 (E.D. La. Dec. 23, 2003).

[14] *See, e.g.*, *Plaisance*, 2008 WL 1730535 at *4; *Smith*, 2003 WL 23095586, at *4.

[15] *See, e.g.*, Madden v. JP Morgan Chase & Co., No. 09-1975, 2010 WL 1573803, at *2 (W.D. La. Apr. 19, 2010) (holding that filing an internal complaint describing alleged discrimination with employer satisfied statute's pre-suit notice requirements); Legania v. E. Jefferson Gen. Hosp. Dist. No. 2, No. 02-1085, 2003 WL 21277127, at *5 (E.D. La. May 29, 2003) (holding that receipt of EEOC charge that described alleged discrimination was sufficient to satisfy statute's pre-suit notice requirements).

[16] *Madden*, 2010 WL 1573803, at *2.

[17] *Id.*

[18] *See* Doc. 1 at 14–15. It is not exactly clear from Plaintiff's Complaint when this grievance was filed. *See* Doc. 1 at 14–15. Nevertheless, because Plaintiff alleges the grievance was filed after the Director of Transportation position was filled in early March 2016, and her appeal within the grievance process was denied on May 3, 2016, it must be that she claims her grievance was filed sometime between those dates. *See id.*

[19] Doc. 31-2.

plaintiff's complaint.[20] That is what happened here. This Court finds that Defendants had notice of Plaintiff's claims more than 30 days before she filed suit. Therefore, Defendants' Motion to Dismiss her claims under Louisiana's Employment and Discrimination Law is denied.

## II. Federal Conspiracy Claims

42 U.S.C. § 1985(3) prohibits state officials from conspiring to violate the constitutional rights of another person. The Fifth Circuit, however, has held that as a matter of law a school board and its employees cannot conspire because they constitute the same legal entity.[21]

Plaintiff alleges that Defendants Kolwe and Daniels conspired to violate her rights by intentionally discriminating against her and preventing her from being hired as the Board's Director of Transportation. She argues that the jurisprudence barring conspiracy claims only applies to conspiracies between a Board and a member of a school board, not claims of a conspiracy among the individual members of a Board. Plaintiff's argument, however, is unavailing.

In *Hull v. Cuyahoga Valley Joint Vocational School District Board of Education*, the Sixth Circuit held that a school board's superintendent and two other board employees constituted "members of the same collective entity" and thus could not conspire as a matter of law because they were not legally separate people.[22] In *Hilliard v. Ferguson*, the Fifth Circuit cited to the Sixth Circuit's decision in *Hull* and adopted the same rule even though the court in *Hilliard* applied the rule to claims of a conspiracy between a school board and

---

[20] *See, e.g.*, *Legania*, 2003 WL 21277127, at *5 ("If the notice was sufficient to support the claims under federal law, then the notice was sufficient to trigger notice as to the parallel state law claims. To hold otherwise would cause unneeded delay and not serve the ends of judicial economy.").

[21] Hilliard v. Ferguson, 30 F.3d 649, 653 (5th Cir. 1994).

[22] Hull v. Cuyahoga Valley Joint Vocational Sch. Dist. Bd. of Educ., 926 F.2d 505, 510 (6th Cir. 1991) ("Since all of the defendants are members of the same collective entity, there are not two separate 'people' to form a conspiracy.").

5

a superintendent rather than claims of a conspiracy among individuals.[23] Importantly, the court in *Hilliard* held that "a school board and its employees constitute a single legal entity which is incapable of conspiring with itself for the purposes of § 1985(3)."[24] Therefore, for the purposes of this suit, Kolwe and Daniels constituted a single legal entity and thus could not conspire as a matter of federal law. Furthermore, because Plaintiff's § 1986 claims against the Board are premised upon § 1985 violations by Kolwe and Daniels, those claims against the Board must fail. Plaintiff's § 1985 and § 1986 claims against the Board and the Individual Defendants are therefore dismissed.

### III. Claims Against the Individual Defendants

The Court notes that nowhere in the five versions of Plaintiff's Complaint nor in her briefs is it clear exactly what constitutional or statutory violations she alleges against Kolwe and Daniels individually. Nevertheless, this Court has sifted through Plaintiff's allegations and thoroughly read her briefs to piece together her claims, and it will now address the 12(b)(6) Motions filed by Kolwe and Daniels.

To the extent Plaintiff alleges any claims against Kolwe and Daniels in their official capacities, those claims are dismissed as duplicative of the claims made against the Board for the same reasons this Court previously dismissed such official capacity claims against the Individual Defendants.[25] As a result, only the claims against the Individual Defendants in their individual capacities remain.

Plaintiff appears to make individual capacity claims against Kolwe and Daniels under Title VII. School Board members or employees, however, cannot

---

[23] *Hilliard*, 30 F.3d at 653 (citing *Hull*, 926 F.2d at 509–10).
[24] *Id.*
[25] Doc. 28 at 11. *See* Castro Romero v. Becken, 256 F.3d 349, 355 (5th Cir. 2001) (affirming district court's dismissal of official capacity claims against agency's employees as duplicative when same claims were made against the agency).

6

be sued under Title VII in their individual capacities, so those claims must be dismissed.[26] That leaves only allegations of employment discrimination and retaliation under 42 U.S.C. §§ 1981 and 1983.

"Qualified immunity shields government officials from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct."[27] "There are generally two steps in a qualified immunity analysis."[28] "First, a court must decide whether the facts that a plaintiff has alleged or shown make out a violation of a [statutory or] constitutional right. Second . . . the court must decide whether the right at issue was clearly established at time of [the] defendant's alleged misconduct."[29] Courts need not address the first step before the second step; the two issues may be analyzed in any order.[30]

"To overcome the immunity defense, the complaint must allege facts that, if proven, would demonstrate that [the Individual Defendants] violated clearly established statutory or constitutional rights."[31] "Heightened pleading demands more than bald allegations and conclusionary statements."[32] Instead, Plaintiff "must allege facts specifically focusing on the conduct of [the Individual Defendants] which caused [her] injury."[33]

As a threshold matter, Plaintiff has failed to allege any specific facts against either Kolwe or Daniels showing that they discriminated against her

---

[26] *See* Udeigwe v. Texas Tech Univ., 733 F. App'x 788, 792 n.6 (5th Cir. 2018) ("Individual employees cannot be sued under Title VII in either their individual or official capacities.").
[27] Heaney v. Roberts, 846 F.3d 795, 801 (5th Cir. 2017) (quoting Reichle v. Howards, 566 U.S. 658, 664 (2012)).
[28] *Id.* (citing Pearson v. Callahan, 555 U.S. 223, 232 (2009)).
[29] *Id.* (citing *Pearson*, 555 U.S. at 232) (internal quotations omitted).
[30] *Id.* (citing *Pearson*, 555 U.S. at 242).
[31] Wicks v. Mississippi State Employment Servs., 41 F.3d 991, 995 (5th Cir. 1995).
[32] *Id.*
[33] *Id.*

7

because of her age. The mere fact that younger people were hired for the position she sought is not sufficient to overcome Defendants' qualified immunity defenses to these claims. Plaintiff also fails to allege facts to support a race discrimination claim against the Individual Defendants. Even assuming Kolwe and Daniels denied Notariano a promotion at least in part because she was white, such "discrimination" would have been reasonable given the desegregation order that the Board remains under to hire more minority supervisors.

Plaintiff similarly fails to allege facts showing that Kolwe or Daniels discriminated against her because she is a woman. In fact, she alleges as part of her retaliation claim that Kolwe and Daniels worked together to hire a woman as the Board's Interim Director of Transportation to prevent Notariano from receiving the job. Even though Notariano alleges that Daniels said women do not make good supervisors and that a woman was not good for the position she sought, this Court finds that such comments clearly were made in a retaliatory rather than a discriminatory context.[34] As such, Plaintiff has failed to state a discrimination claim against the Individual Defendants on which relief could be granted.

Plaintiff, however, has alleged facts sufficient to show that Kolwe and Daniels retaliated against her in violation of federal law. She alleges that Kolwe said he would "never" hire her and that he was "going to teach her a lesson" because she filed this lawsuit against him.[35] Similarly, Notariano alleges that Daniels said he would "never" vote to approve Notariano for the Director of Transportation position because she filed this lawsuit against him.[36] At the Motion to Dismiss stage, even considering the heightened

---

[34] Doc. 76 at 8.
[35] *Id.* at 7.
[36] *Id.* at 8.

pleading standards required to defeat a qualified immunity challenge, such facts show that Kolwe and Daniels engaged in conduct that every reasonable official would know violated Notariano's right to be free from retaliation for suing them.

## **CONCLUSION**

For the forgoing reasons, Defendants' Motion to Dismiss Plaintiff's State Law and Federal Conspiracy Claims is **GRANTED IN PART**. Plaintiff's federal conspiracy claims are **DISMISSED** with prejudice. Plaintiff's state law discrimination claims remain. Defendants' Motions to Dismiss on Qualified Immunity also are **GRANTED IN PART**. Plaintiff's discrimination claims against Kolwe and Daniels are **DISMISSED** with prejudice. Plaintiff's retaliation claims against Kolwe and Daniels remain.

New Orleans, Louisiana this 2nd day of January, 2019.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**